Elinore SEDLEY, Appellant,

v.

CITY OF WEST BUECHEL, Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 2, 1970.

Modified on Denial of Rehearing Jan. 22, 1971.

Wilbur Fields, Louisville, for appellant.

Bill V. Seiller, Ewen, MacKenzie & Peden, Edward F. Seiller, Louisville, for appellee.

CULLEN, Commissioner.

Elinore Sedley brought action against the City of West Buechel, Kentucky, seeking a limited recovery on certain defaulted revenue bonds of the city, which she owned and held. The city moved that the action be dismissed on the ground of res judicata, by reason of an adjudication, in a previous suit in federal court, that the bond issue was invalid. The circuit court sustained the motion and entered judgment dismissing the action. Mrs. Sedley has appealed from the judgment.

Appellant's principal arguments are that (1) the city was not a party to the suit in federal court nor in privity with any party to that suit, and therefore the city is not entitled to plead a judgment in that suit as res judicata; (2) there was no final adjudication in the suit in federal court, but merely the entry of an interlocutory order; and (3) a plea of res judicata can be presented only by answer and not by motion to dismiss. As shall be developed, we reject the second argument and accept the other two only in part.

The bonds sued on were part of a $2,-000,000 issue made by the city in 1955. The bonds originally were negotiated, through Bankers Bond Company of Louisville as broker, to one Ben Jack Cage. Mrs. Sedley was sole owner and chief officer of Bankers Bond Company. Cage paid $335,000 in cash for the bonds and gave a rather illusory promissory note for the balance of the price of $2,000,000. $60,000 of the cash went for brokerage and attorneys' fees, so the city received from the transaction only $275,000 in cash and Cage's note, which later turned out to be worthless. The city used the cash to

apply toward the construction of water, sewer and drainage facilities, and streets, constituting a small part of the originally planned $2,000,000 project for which the revenue bonds were issued. In the meantime, through efforts of Charles D. Dunne and J. E. Dunne II, $103,000 of the bonds which Cage held were negotiated to Texas Continental Life Insurance Company and $250,000 of the bonds were negotiated to All States Life Insurance Company. Subsequently, the city defaulted on the entire bond issue.

Separate suits were brought in federal court, by Texas Continental and by All States, against Bankers Bond Company, Mrs. Sedley, and the Dunnes, alleging fraud and violations of the federal securities laws and regulations, and seeking to recover from the defendants the face value of the bonds held by the plaintiffs. In the suit by Texas Continental the plaintiff alleged that the bonds were invalid and worthless, while the defendants contended that the bonds were valid. See Texas Continental Life Insurance Company v. Bankers Bond Company, D.C., 187 F.Supp. 14, and Texas Continental Life Insurance Company v. Dunne, 6 Cir., 307 F.2d 242. The record in the instant case does not disclose whether or not there were similar allegations and contentions in the All States case, except that there is a copy of an order in that case which recites that "the court heard arguments as to the validity of the West Buechel bonds in the amount of two million dollars," from which one might possibly assume that there were the same claims of invalidity and of validity, in the All States case, as in the Texas Continental case.

An order was entered in the All States case, reciting that the court "made a ruling that the bonds were not issued in conformity with the law and Kentucky statutes and were therefore invalid." That is the order which was pleaded in the instant case as res judicata. It was not part of the ultimate final judgment in the case but on appeal of the judgment to the United States Court of Appeals, Sixth Circuit, that court said that it accepted the order as "a final adjudication of that issue." See All States Investors, Inc. v. Bankers Bond Company, 6 Cir., 343 F.2d 618 at page 620. Therefore we are of the opinion that the order must be considered a final adjudication for purposes of application of res judicata, and we reject the appellant's contention that the order was merely interlocutory.

The fact that the order was a final adjudication does not, however, qualify it fully for application of res judicata. The general rule is that a judgment in a former action operates as an estoppel only as to matters which were necessarily involved and determined in the former action, and is not conclusive as to matters which were immaterial or unessential to the determination of the prior action or which were not necessary to uphold the judgment.[1] The rule has been applied although such matters were presented in the former action and actually determined therein, and although they may affect the ultimate rights of the parties. See 46 Am.Jur.2d, Judgments, sec. 423, pp. 593, 594. A serious doubt exists in the instant case as to whether the issue of validity of the bond issue was essential to the determination of the All States action. In the Texas Continental action, which was decided by the same federal judge who decided the All States action, the opinion of the district court indicates that a determination of the issue of whether the bond issue was invalid was considered to be immaterial to a determination of the plaintiff's right of recovery, and the court granted judgment to the plaintiff without determining whether or not the bonds were invalid. Texas Continental Life Ins. Co. v. Bankers Bond Co., 187 F.Supp. 14, 23. The ultimate significance of this point, as affects the disposition of the instant appeal, will be discussed at a later point in this opinion.

---

1. Stillpass v. Kenton County Airport Board, Inc., Ky., 403 W.W.2d 46, does not hold to the contrary.

The two cases in federal court eventually were settled, by an agreement pursuant to which Mrs. Sedley bought the bonds held by the plaintiffs in those actions, and judgment was entered effectuating the settlement agreement. See All States Investors, Inc. v. Bankers Bond Company, 6 Cir., 343 F.2d 618. The bonds on which Mrs. Sedley is seeking recovery from the city of West Buechel include the $103,000 worth she acquired from Texas Continental, and the $250,000 worth she acquired from All States in the settlement. The record does not disclose the source of her acquisition of the remaining amount of $1,476,500 on which she sues.

■ We come now to the appellant's argument that the city is not entitled to plead res judicata because it was not a party to the All States suit nor in privity with any party to that suit. It is true that Kentucky has subscribed basically to the rule which permits only parties to the former action, and their privies, to plead res judicata, and which requires "mutuality" in the application of the rule. See Newman v. Newman, Ky., 451 S.W.2d 417. Many jurisdictions, however, have adopted the doctrine of "claim preclusion" or "issue preclusion" under which a person who was not a party to the former action nor in privity with such a party may assert res judicata *against* a party to that action, so as to preclude the relitigation of an issue determined in the prior action. The rule contemplates that the court in which the plea of res judicata is asserted shall inquire whether the judgment in the former action was in fact rendered under such conditions that the party against whom res judicata is pleaded had a realistically full and fair opportunity to present his case. See 46 Am.Jur.2d, Judgments, sec. 522, pp. 674 to 676; Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 19 Cal.2d 807, 122 P.2d 892. In making that determination there is less basis for finding that the party did have such an opportunity, where he was a *defendant* in the former action, than where he was the plaintiff. See 65 Har-vard Law Review 820 at 864. It would seem that the rule would embody the qualification, hereinbefore mentioned, that the adjudication of the issue was essential to the determination of the former case.

■ The "preclusion" doctrine seems reasonable to us and we shall adopt it. But a sufficient basis for its application in the instant case, so as to support the decision of the trial court sustaining the motion to dismiss the complaint, does not appear from the record. A question of fact exists as to whether the parties to the All States suit undertook a realistically full and fair litigation of the issue of invalidity of the bonds, and a serious question arises, from a reading of the opinion in the Texas Continental case, whether the issue of validity of the bonds was material or essential to a determination of the All States case. Absent such a determination of these issues as to bring the case within the "preclusion" doctrine, the doctrine should not have been applied. Cf. Stillpass v. Kenton County Airport Board, Inc., Ky., 403 S.W.2d 46, in which it was held that because the proceedings in the lower court had not reached the stage of inquiry into the existence of a certain fact on which the application of res judicata depended, the question of whether a prior judgment was res judicata remained "a live coal in the hands of the trial court yet to be determined in this case."

■ Our rules of court procedure provide that the defense of res judicata must be set forth in a responsive pleading, CR 8.03, 12.02, which means by answer and not by motion. The obvious reason for this requirement is that ordinarily the plea of res adjudicata will involve an issue of fact. Only in the absence of any issue of fact— where the facts are shown by the record and are not disputed—may the defense be asserted by a motion to dismiss. See Larter & Sons v. Dinkler Hotels Co., 5 Cir., 199 F.2d 854; Scholla v. Scholla, 92 U.S. App.D.C. 9, 201 F.2d 211.

It is our conclusion that the trial court erred in sustaining the motion to dismiss,

because of the existence of issues of fact. Upon remand of the case the court will overrule the motion, following which the case shall proceed appropriately. If the defendant city files an answer pleading res judicata and if the requisite facts for application of the preclusion doctrine are developed, the trial court could then properly apply the doctrine.

■ The appellant argues that the trial court erred in not requiring the defendant city to answer interrogatories and requests for admissions submitted by the plaintiff pending a ruling on the motion to dismiss. We think it was entirely proper for the court to defer any ruling on the matter of answering the interrogatories and requests for admissions, which were addressed to the merits of the case, until the motion to dismiss was disposed of. CR 12.01.

■ The appellant also argues that she was entitled to summary judgment. The argument is not valid because the defendant is entitled to an opportunity to file a responsive pleading.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.