947 F.2d 947
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Michael WILLIAMS, Plaintiff-Appellant,
v.
James MOBLEY; Jean Stillwagon; Patricia Lyons; Sergeant
Pate, Defendants-Appellees.
 No. 91-5769.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 John Michael Williams, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking unspecified compensatory and punitive damages, Williams sued two Lexington, Kentucky police officers and two employees of a Lexington Bank One in their individual and official capacities. Williams alleged that the defendants conspired to detain and arrest him without probable cause in 1986, that defendants Stillwagon and Mobley filed a false complaint and police report to establish probable cause for the arrest, and that they withheld this evidence from the defense in violation of his fourth and fourteenth amendment rights. Williams also alleged pendent state tort claims of false imprisonment and malicious prosecution.
 
 
 3
 A magistrate judge issued a report on May 2, 1991 in which he recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(d). He related Williams's previous attempts to litigate these claims, including two previous civil rights actions and two habeas corpus petitions, one of which remains pending. Because the present action constituted an improper collateral attack on a final habeas judgment concerning the same issues, the magistrate judge found Williams's complaint to be barred. He also recommended that the pendent state claims be dismissed.
 
 
 4
 Williams filed objections to the magistrate judge's report, arguing that the doctrine of res judicata was not applicable to his case. He requested the court to hold the case in abeyance until a decision in his pending habeas action is entered. In an order filed May 20, 1991, the district court overruled Williams's objections, adopted the magistrate judge's report, and dismissed the action. Williams's motion to amend was denied by the district court's order of June 4, 1991.
 
 
 5
 On appeal, Williams continues to argue that the district court erroneously applied the doctrine of res judicata to bar his federal claims. He requests the appointment of counsel in his brief.
 
 
 6
 Upon consideration, we affirm the district court's order because Williams's claims, which are all based upon an alleged absence of probable cause for his arrest, are barred under the doctrine of collateral estoppel. Therefore, his suit lacks an arguable basis in law and was properly dismissed under § 1915(d). See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 7
 The district court was somewhat inaccurate in finding that Williams's prior federal habeas action barred his civil rights suit under the doctrine of res judicata. Under res judicata, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or could have been raised in that action. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n. 6 (1982); Vinson v. Campbell County Fiscal Court, 820 F.2d 194, 197 (6th Cir.1987). The defendants named in Williams's civil rights complaint were not parties to his habeas action; nor did the habeas action decide the issue of probable cause on the merits. Thus, Williams's current action is not barred by Williams's prior federal habeas petition on res judicata grounds.
 
 
 8
 However, Williams's complaint is barred because his litigation of the issue of probable cause in the Kentucky courts collaterally estops him from relitigating it in a § 1983 action. See Allen v. McCurry, 449 U.S. 90, 105 (1980); Vinson, 820 F.2d at 197. Kentucky courts provide preclusive effect only to issues that were necessarily involved and determined in the former action. See Wicker v. Board of Educ. of Knott County, Ky., 826 F.2d 442, 450 (6th Cir.1987); Sedley v. City of West Buechel, 461 S.W.2d 556, 558 (Ky.1970). Williams litigated the issue of probable cause in his pre-trial motion to suppress and on direct appeal, and the determination of that issue was necessarily involved in his criminal prosecution. He is, therefore, precluded from raising it here, either as a federal constitutional or as a state tort claim. Further, the Supreme Court has expressly held that collateral estoppel bars relitigation of probable cause in a § 1983 action for damages even though a fourth amendment claim is unreviewable in a habeas corpus action. See Allen, 449 U.S. at 105.
 
 
 9
 Finally, because the ground upon which the disposition of this action rests is not related to the ineffective assistance of counsel issue raised in Williams's present habeas petition, the district court did not abuse its discretion in denying his motion to hold this complaint in abeyance.
 
 
 10
 Accordingly, the request for counsel is denied. The district court's order dismissing Williams's civil rights complaint is affirmed for the reasons stated herein. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation