972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Henry REED, Plaintiff-Appellant,
v.
Phillip CLAY; Mike Barry; John Jacobs, Defendants-Appellees,
John McFadden; Scotty Baesler, Defendants.
 No. 92-5143.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1992.
 
 1
 Before GUY and RYAN, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Charles Henry Reed, a pro se prisoner, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Reed sued two detectives and an officer of the Lexington-Fayette County (Kentucky) Police Department, the police chief, and the mayor of Lexington in a complaint originally filed in 1986. He alleged that the defendants violated his rights under the Fourth and Fourteenth Amendments when Detectives Clay and Barry, and Officer Jacobs arrested him without a warrant at 2:00 a.m. on April 17, 1985, while he was in his home. He further alleged that Jacobs threatened his life during the arrest. Defendants McFadden and Baesler were dismissed from this action by the district court's order of October 23, 1986, and Reed does not challenge their dismissal on appeal. In 1990, after this action had been returned to the district court's active docket, Reed was permitted to amend his complaint to allege that he was arrested on April 16, 1985, rather than on April 17, 1985.
 
 
 4
 Both the plaintiff and the defendants filed motions for summary judgment, with supporting documentation. The magistrate judge issued a report and recommendation on July 3, 1991. In this report, he concluded that Reed was entitled to summary judgment on his claim that his arrest "on April 16, 1985" violated the Fourth Amendment, and that the defendants were not entitled to qualified immunity regarding that claim. He further concluded that the doctrine of collateral estoppel was inapplicable to this case. Finally, the magistrate judge concluded that the defendants were entitled to summary judgment on the claim regarding Jacobs's alleged threat. Both parties filed objections.
 
 
 5
 The district court, in an order filed December 30, 1991, declined to accept the magistrate judge's recommendation. The district court first found that the documentary evidence clearly established Reed's arrest date as April 17, 1985. It then concluded that Reed had previously presented his unlawful arrest issue to both the state and federal courts, that the issue had been decided adversely to Reed, and that he was bound by the previous findings of the Kentucky courts and the Sixth Circuit that his arrest was valid. Finally, the district court concluded that the defendants were entitled to qualified immunity because, under the state of the law in 1985, they could have reasonably believed that exigent circumstances existed to justify Reed's warrantless arrest. Consequently, the defendants' motion for summary judgment was sustained and this action was dismissed. The district court denied Reed's motion to reconsider in an order filed January 22, 1992.
 
 
 6
 On appeal, Reed argues that the district court incorrectly decided his arrest date and "all other facts."
 
 
 7
 Upon review, we affirm the district court's order because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 Pursuant to the doctrine of collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. See Montana v. United States, 440 U.S. 147, 153-54 (1979); Agristor Leasing v. A.O. Smith Harvestore Products, Inc., 869 F.2d 264, 268 (6th Cir.1989); Sedley v. City of West Buechel, Ky., 461 S.W.2d 556, 558-59 (Ky.1970).
 
 
 9
 The question of Reed's arrest has already been litigated by means of a pretrial motion to suppress, a RCr 11.42 motion, and a federal petition for a writ of habeas corpus. These litigations meet the criteria for preclusive effect set forth above. Consequently, Reed is estopped from relitigating the lawfulness of his arrest.
 
 
 10
 Moreover, the defendants are entitled to qualified immunity from liability for damages for their actions in effecting the warrantless arrest of Reed in his home. Because the issue of qualified immunity is an essentially legal question, no deference is due the district court's conclusion. See Ramirez v. Webb, 835 F.2d 1153, 1156 (6th Cir.1987).
 
 
 11
 The question of whether an official is protected by qualified immunity turns on the "objective legal reasonableness" of the action, assessed in light of the legal rules that were "clearly established" at the time it was taken. Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). To determine whether a right is clearly established, a court may rely on decisions of the United States Supreme Court, the courts of its own circuit, and the highest state court in which it sits. See Williams by Williams v. Ellington, 936 F.2d 881, 885 (6th Cir.1991). The official will be immune "if officers of reasonable competence could disagree" on whether the conduct violated the plaintiff's rights. See Gossman v. Allen, 950 F.2d 338, 341 (6th Cir.1991) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).
 
 
 12
 Under the governing law in 1985, officers of reasonable competence could conclude that they were not violating a clearly established right of Reed's in arresting him. The general rule is that "the Fourth Amendment ... prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." Payton v. New York, 445 U.S. 573, 576 (1980). However, the Court noted that such an entry would be permissible if exigent circumstances were present.
 
 
 13
 Although no exigency is created simply because there is probable cause to believe that a serious crime has been committed, the gravity of the underlying offense is an important factor to be considered in determining whether an exigency exists. See Welsh v. Wisconsin, 466 U.S. 740, 753 (1984). In Reed's case, two rapes had been committed within a few days of each other. One involved a deadly weapon, and Reed had a past history of violent crime. As soon as probable cause was established, an officer went to Reed's house to look for the van described by both victims; it was parked there and the license number contained numerals recalled by one of the victims. The officers could have reasonably concluded that an immediate arrest, while they had reason to believe the defendant was at home, was justified.
 
 
 14
 In fact, an arrest under facts almost identical to Reed's had recently been upheld by the Kentucky Supreme Court in Gilbert v. Commonwealth, 637 S.W.2d 632 (Ky.1982), cert. denied, 459 U.S. 1149 (1983). The United States Supreme Court that denied certiorari to Gilbert had decided Payton only three years earlier. Under these circumstances, the defendants are entitled to qualified immunity for their arrest of Reed.
 
 
 15
 Accordingly, the district court's judgment, entered January 23, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation