12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Wayne LONG, Plaintiff-Appellant,
v.
Bill JENKINS, Trooper, Kentucky State Police; Morris
Kisselbough; Fred Browning, Jailer, Defendants-Appellees.
 No. 93-5875.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is an appeal from a summary judgment for the defendants in a prisoner civil rights action filed under 42 U.S.C. Sec. 1983. Michael Wayne Long, a Kentucky prisoner, filed a civil rights complaint against two police officers and a now deceased Logan County [Kentucky] jailor in which he set forth unrelated Fourth and Eighth Amendment claims. The district court initially dismissed the complaint as untimely, but this decision was vacated and remanded for further proceedings. Long v. Jenkins, No. 88-5836 (6th Cir. Aug. 11, 1989) (order) (unpublished). On remand, the district court ultimately granted summary judgment for all the defendants and this appeal followed. The parties have briefed the issues; Long is proceeding without benefit of counsel. In addition, Long moves for the appointment of appellate counsel and Kisselbough and the Estate of Browning move to dismiss the appeal.
 
 
 4
 In 1979, Michael Wayne Long was arrested and indicted for the rape, robbery and murder of a woman in Russellville, Kentucky. Long was held in detention shortly after his arrest in the Logan County Jail. Prior to trial, Long's attorneys moved unsuccessfully to exclude certain physical and testimonial evidence as having been obtained in violation of his Fourth Amendment rights. Long subsequently pleaded guilty to all counts except as to the culpable mental state for murder. The district court heard the evidence on this point and found Long guilty on all counts. Long's conviction was upheld on direct appeal and in numerous federal habeas corpus proceedings.
 
 
 5
 The claims raised in the present civil rights action stem from the alleged warrantless arrest and the pre-trial detention of Long in the Logan County Jail. Long alleges first that police officer Jenkins and the Logan County Sheriff violated his Fourth Amendment rights when they detained and searched him at a bus station and in the Logan County Hospital. Long also contends that Fred Browning, while acting as a jailor at the Logan County Jail, subjected Long to cruel and unusual punishment in the course of cleaning Long's cell. The district court granted summary judgment on the Fourth Amendment claims on the basis of collateral estoppel. The court also concluded that Long had utterly failed to present any constitutional cognizable claim against Browning.
 
 
 6
 It is initially noted that the motion to dismiss the appeal as to defendants Kisselbaugh and Estate of Browning is based on Long's failure to specifically name these defendants in his notice of appeal. It is not necessary, however, for an appellant to specify the names of all appellees in the notice of appeal. International Union, UAW v. United Screw & Bolt Corp., 941 F.2d 466, 471 (6th Cir.1991).
 
 
 7
 The record supports the district court's conclusion that Long was precluded from bringing the Fourth Amendment claims in this Sec. 1983 action. Normally, Long's guilty plea would prevent him from litigating these issues in federal habeas corpus, see Tollett v. Henderson, 411 U.S. 258 (1973). Nevertheless, one who pleads guilty may still bring a civil rights suit to challenge antecedent constitutional intrusions that reflect on the "very power of the State to bring the defendant into court to answer the charge brought against him." Blackledge v. Perry, 417 U.S. 21, 30 (1974). In short, a criminal conviction does not, by itself, operate to bar a subsequent civil action for damages under 42 U.S.C. Sec. 1983 contesting the legality of a search that produced evidence supporting the conviction. Haring v. Prosise, 462 U.S. 306, 313-14 (1983).
 
 
 8
 Federal law does, however, bar litigation of a Sec. 1983 claim in certain other circumstances. 28 U.S.C. Sec. 1738 provides, in part, that the judicial proceedings of a state "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." This statute thus requires federal courts to give preclusive effect to state court judgments to the same extent that the courts of that state would do so. Allen v. McCurry, 449 U.S. 90, 96 (1980). Kentucky courts provide preclusive effect to issues that were necessarily involved and determined in the former action. Wicker v. Board of Educ. of Knott County, Ky., 826 F.2d 442, 450 (6th Cir.1987); Sedley v. City of West Buechel, 461 S.W.2d 556, 558 (Ky.1970).
 
 
 9
 On direct appeal, the Supreme Court of Kentucky reviewed the decision to deny Long's motion to suppress. The court held that the Russellville police officers had probable cause for their initial detention of Long, that no illegal arrest had occurred and the evidence was legally obtained. Long v. Commonwealth, No. 80-SC-62-MR, slip op. at 2-3 (Ky. June 24, 1980) (mem. opinion) (unpublished). This review necessarily involved the determination of the issues present in Long's Sec. 1983 action. Thus, as these issues could not now be relitigated in Kentucky state courts, the district court correctly found that Long is estopped from pursuing his Fourth Amendment claims for damages in a federal civil rights action.
 
 
 10
 Long's Eighth Amendment claim is that he was subjected to a "hose-down" by the late Fred Browning during Long's pre-trial detention in the Logan County Jail. This is said to have occurred while Browning was cleaning the feces from the walls of Long's cell where Long had smeared it. Eighth Amendment protections against cruel and unusual punishment extend to pretrial detainees. Whitley v. Albers, 475 U.S. 312, 327 (1986). If, as here, the conduct does not purport to be punishment, it will only be found to be violative of the Eighth Amendment if it is manifested by an unnecessary and wanton infliction of pain. Wilson v. Seiter, 111 S.Ct. 2321, 2324-25 (1991). This analysis has an objective and subjective component. The pain must be serious and must have been administered in a wanton fashion. Id.
 
 
 11
 Long's Eighth Amendment complaint fails under this test. By Long's own admission, the incident in question was the action of a jailor "washing" Long off with a "waterhose" after Long had deliberately soiled the walls of his temporary holding facility. Browning's response appears to have been neither wanton nor particularly painful to Long.
 
 
 12
 Accordingly, the motion to dismiss the appeal is denied, the motion for the appointment of appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation