William E. MOORE, Appellant,

v.

COMMONWEALTH of Kentucky,
Cabinet for Human Resources
and Opal Day, Appellees.

No. 96–SC–610–DG.

Supreme Court of Kentucky.

Oct. 30, 1997.

Dixie R. Satterfield, Hillary M. Hightower, Satterfield and Harmon, Bowling Green, for Appellant.

Timothy K. Chism, Jr., Warren County Attorney, Patrick C. Roemer, Assistant Warren County Attorney, Bowling Green, for Appellees.

JOHNSTONE, Justice.

■ This case is before us by way of discretionary review from an order of the Warren District Court granting the Appellees' motion for summary judgment on the issue of paternity. Having carefully considered the record, we reverse.

The Appellee, Opal Day, and John Day dissolved their marriage by a decree entered in the Logan Circuit Court on September 5, 1991. The decree incorporated the Days' Property Settlement Agreement of June 28, 1991, which acknowledged that one child, Matthew Ryan Day, had been born of the marriage on February 1, 1986. The court granted joint custody of Matthew to John and Opal.

For reasons that we are unable to glean from the record, the Days submitted to paternity testing in July of 1991. The results, received in August *prior* to the entry of the divorce decree in September, excluded John as the child's father.

Thereafter, Opal and the child moved to New York and took no further action until November 24, 1993, when Opal filed a petition pursuant to the Uniform Reciprocal Enforcement of Support Act seeking child support from the Appellant, William E. Moore.[1] On March 22, 1995, the Warren District Court ordered genetic testing to determine paternity. The eventual results revealed the

statistical possibility of William's paternity to be 99.99 percent and the paternity index to be 19,609 to 1.

The Appellees, Opal and the Cabinet for Human Resources, moved for summary judgment pursuant to Ky.Rev.Stat. (KRS) 406.111. The district court granted their motion, ruling that William had failed to rebut the presumption contained in the statute by a preponderance of the evidence. The Warren Circuit Court affirmed on William's appeal, and the Kentucky Court of Appeals denied discretionary review, which review we ultimately granted.

William presses several issues on appeal including: (1) whether KRS 406.111 denies the right to a trial by jury guaranteed by the Kentucky Constitution and is, therefore, unconstitutional; (2) whether the presumption of paternity created by KRS 406.011 is applicable to this case; (3) whether the Warren District Court failed to give full faith and credit to the judgment of the Logan Circuit Court; and (4) whether the doctrine of *res judicata* barred the paternity action. While the parties present intriguing arguments on these issues, we feel compelled to dispose of the matter on the basis of collateral estoppel.

The Appellees argue correctly that William may not assert *res judicata*, as he was not a party to the prior divorce action in the Logan Circuit Court. We have long held that the rule of *res judicata* does not bar an action unless there is an identity of parties, identity of causes of action, and the prior action was decided on its merits. *Newman v. Newman*, Ky., 451 S.W.2d 417 (1970).

■ However, a close cousin to the doctrine of *res judicata* is the theory of collateral estoppel, or issue preclusion.[2] Kentucky's highest court adopted the preclusion doctrine in *Sedley v. City of West Buechel*, Ky., 461 S.W.2d 556 (1970), stating the following:

---

1. We note that Opal is not attacking the original determination of paternity set forth in her and John's dissolution decree. Nor is John a party to this action. Thus, we express no opinion as to John's ability to attack the determination of paternity set forth in the dissolution decree. *See Crowder v. Commonwealth ex rel. Gregory*, Ky. App., 745 S.W.2d 149 (1988).

2. These two terms are often used interchangeably throughout the case law and, consequently, this opinion. However, the doctrine is more formally referred to as "collateral estoppel." *See* Howard E. Frasier, Jr., Note, *Offensive Collateral Estoppel in Kentucky: A Deadly Weapon or a Paper Tiger?*, 76 Ky.L.J. 237 (1987–88).

Many jurisdictions, however, have adopted the doctrine of "claim preclusion" or "issue preclusion" under which a person who was not a party to the former action nor in privity with such a party may assert res judicata *against* a party to that action, so as to preclude the relitigation of an issue determined in the prior action. The rule contemplates that the court in which the plea of res judicata is asserted shall inquire whether the judgment in the former action was in fact rendered under such conditions that the party against whom res judicata is pleaded had a realistically full and fair opportunity to present his case.

*Id.* at 559 (emphasis in original).

 Thus, the Court abandoned the mutuality requirement of *res judicata* in adopting non-mutual collateral estoppel, applicable when at least the party to be bound is the same party in the prior action. The essential elements of collateral estoppel to be gathered from *Sedley* are as follows:

(1) identity of issues;

(2) a final decision or judgment on the merits;

(3) a necessary issue with the estopped party given a full and fair opportunity to litigate;

(4) a prior losing litigant.

*See id.*

In *Gregory v. Commonwealth*, Ky., 610 S.W.2d 598, 600 (1980), we cited *Sedley* and stated that "[c]ollateral estoppel, or issue preclusion, is part of the concept of res judicata and serves to prevent parties from relitigating issues necessarily determined in a prior proceeding."

In the case *sub judice,* Opal is a party to both actions regarding paternity of the child.[3] She named John Day as the child's father on the 1986 Certificate of Birth. She stipulated in the parties' Property Settlement Agreement that the child, Matthew Day, was born of the marriage. Despite the genetic testing results obtained in August, she signed the Decree of Dissolution of September 5, 1991, which incorporated the prior Property Settlement Agreement. To this day, the dissolution decree of the Logan Cir-

cuit Court remains a valid, effective, and enforceable order and judgment that has never been challenged.

The Minnesota Court of Appeals faced a similar situation in *Markert v. Behm,* 394 N.W.2d 239 (Minn.App.1986). Linda Markert commenced a dissolution action against her husband, Alan. During the proceedings, she alleged that Alan was the father of daughter Natalie and an eventual decree allowed the husband visitation rights and required child support, just as the case before us.

The following year Linda filed a paternity suit seeking a declaration that Randy Behm, not Alan Markert, was the father of the child.

In holding that Linda's paternity action was barred, the Minnesota court stated:

In this case the issue of paternity has been decided in a prior adjudication; the final decree of divorce between Linda and Alan Markert provided that Alan was Natalie's father. In addition, a divorce decree constitutes a final judgment on the merits for the purposes of res judicata and collateral estoppel. *See Ruprecht v. Ruprecht,* 255 Minn. 80, 90, 96 N.W.2d 14, 22 (1959). Finally, Linda Markert was a party to the divorce decree, and she was given a full and fair opportunity to be heard on the issue of Natalie's paternity. In fact, the finding that Alan is Natalie's father was undoubtedly based in large part on Linda's own testimony to that effect. Now that Linda has succeeded in having Alan named as Natalie's father for the purpose of collecting child support, she challenges his paternity, in direct contradiction to her own prior testimony. Clearly, Linda would be both collaterally and equitably estopped from challenging this adjudication because it was based on her own testimony.

*Id.* at 242.

We find the *Markert* case to be persuasive, as well as consistent with the criteria established by *Sedley.* Further, we hold the divorce decree entered in the Logan Circuit Court to be a final judgment on the merits of

---

3. The record reflects that Opal was the Petitioner in the Logan Circuit Court dissolution action.

the case. Moreover, paternity and the issues related thereto were necessary issues to the dissolution action which Opal had a full and fair opportunity to litigate. While the subject of collateral estoppel, or issue preclusion, has not been addressed by this Court recently, it remains a viable doctrine in this Commonwealth. Having failed to set aside or amend the original judgment, Opal is precluded from relitigating the paternity issue.

The decision of the Warren Circuit Court is reversed and this action is remanded to the Warren District Court for an order dismissing Appellees' petition.

All concur.