**Richard JELLINICK, Appellant,**

v.

**CAPITOL INDEMNITY CORPORATION; Gary Brewer; Parks Chastain; Fred Voss; Charlotte Thompson; Margaret Bertoli; Sarah Glen; and Mary Ann Grose, Appellees.**

No. 2005–CA–000951–MR.

Court of Appeals of Kentucky.

Aug. 18, 2006.

Rehearing Denied Nov. 28, 2006.

Arthur G. Muegler, Jr., Rocco J. Cele-brezze, St. Louis, MO, for appellant.

Richard D. Remmers, Louisville, KY, for appellees Fred Voss, Charlotte Thompson, Margaret Bertoli, Sarah Glen and Mary Ann Grose.

Clay A. Edwards, Andie Brent Camden, Louisville, KY, for appellees Capitol Indemnity Corporation, Gary Brewer, and Parks Chastain.

Before TAYLOR and VANMETER, Judges; EMBERTON,[1] Senior Judge.

*OPINION*

VANMETER, Judge.

Richard Jellinick appeals from a summary judgment entered by the Jefferson Circuit Court. For the reasons stated hereafter, we affirm.

On or about August 3, 1998 Richard Jellinick contracted with Fred Voss, Charlotte Thompson, Margaret Bertoli, Ann Grose, and Sarah Glen (hereinafter "Voss") for Jellinick's purchase of certain property for the price of $155,500, to be paid in installments. The contract for deed allowed Voss to cancel Jellinick's rights under the contract if Jellinick failed to pay the first installment within five days of its due date. It also required Jellinick to insure the improvements on the property and to name the Voss parties as "loss payees" to the "extent of unpaid balance as of the date of the loss[.]"

Jellinick insured the property for approximately four times its purchase price, naming the Voss parties as the loss payees. On August 10, 1998 the property was totally destroyed by fire. Jellinick subsequently filed an insurance claim with the insurer, Capitol Indemnity Corporation (Capitol), for over $600,000. On April 19,

1999 Capitol formally denied Jellinick's insurance claim. Capitol and Voss eventually entered into an agreement whereby Voss received the balance due under the deed plus interest, amounting to a total of $165,151, in exchange for any rights Voss possessed under the contract for deed. Jellinick, believing that Capitol's payment to Voss satisfied his obligation under the contract for deed, demanded that Voss convey the property to him. Voss refused.

In July 1999 Capitol, represented by attorneys Gary Brewer and Parks Chastain, filed a federal action against Jellinick seeking monetary damages and a declaratory judgment that Jellinick was not entitled to any insurance benefits due to his alleged breach of the insurance policy, unfair claim practices, fraud, and defamation.[2] Jellinick counterclaimed that Capitol had breached the insurance agreement, and he asserted that Capitol had engaged in unfair claims practices, a vexatious refusal to pay, fraud, and defamation. On November 20, 2000 the federal district court entered a default judgment awarding Capitol $179,911. Although Jellinick did not appeal this decision, in July 2001 he filed a FRCP 60(b) motion to vacate and set aside the default judgment, asserting that excusable neglect had occurred because his counsel, Arthur Muegler, was medically disabled between October 19, 2000 and May 30, 2001. Capitol responded, however, by providing affidavits to show that Muegler had provided legal representation to other clients during that time. In January 2002, citing inconsistencies between the medical records and Muegler's affidavits, the district court denied

---

1. Senior Judge Thomas D. Emberton, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. *Capitol Indemnity Corporation v. Jellinick,* U.S. District Court for the Middle District of Tennessee, Action No. 2–99–0041.

the FRCP 60(b) motion. The Sixth Circuit Court of Appeals subsequently affirmed.

Meanwhile, in August 1999 Jellinick filed a state action against Capitol, attorney Brewer, and the Voss parties, claiming civil conspiracy, fraud, breach of contract, unfair claims practices, and vexatious refusal to pay.[3] He sought specific performance of the contract for deed. The defendants' motion to dismiss was stayed in February 2000, pending adjudication of the federal action. In January 2001 Capitol and Brewer, represented by attorney Chastain, filed a motion seeking summary judgment. In March, after Jellinick failed to respond, the trial court entered a summary judgment in favor of Capitol and Brewer. In July Voss filed an answer and counterclaim seeking dismissal with a declaration that Jellinick had defaulted under the contract for deed and thus had no further interest in the property. Again, Jellinick failed to respond. In October 2001 the trial court entered a final default judgment in favor of Voss.

Two and one-half years later, in March 2004, Jellinick filed an original complaint against Capitol, Voss, and attorneys Brewer and Chastain, seeking to set aside the state judgment pursuant to CR 60.03. Jellinick claimed there had been civil conspiracy, fraud, breach of contract, and tortious interference with contract and business expectancies. The trial court eventually entered a summary judgment in favor of all the defendants, and this appeal followed.

■ Jellinick contends that the trial court erred by failing to find that the October 2001 judgment should be set aside because it did not adjudicate a full claim,[4] because the defendants failed to give advance notice of the default judgment motion,[5] and because the judgment violated the February 2000 stay. However, our review of the record fails to show that these issues were properly raised or preserved below. Hence, they will not be considered on appeal.

■ Jellinick also contends that the trial court erred by finding that appellees were entitled to summary judgment on res judicata or collateral estoppel grounds. We disagree.

An award of summary judgment must be reviewed *de novo*. A motion for summary judgment shall be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."[6] The record must be viewed in the light most favorable to the party opposing summary judgment, and all doubts must be resolved in the nonmovant's favor.[7]

■ Res judicata consists of both claim preclusion and issue preclusion.[8] The doctrine of claim preclusion requires identity of the parties, identity of the causes of action, and a resolution of the action on the merits.[9] Issue preclusion bars parties "from relitigating any issue actually litigated and finally decided in an earlier action."[10] As stated by the Kentucky Supreme Court, res judicata "is ba-

---

3. *Jellinick v. Capitol Indemnity Corporation et al.*, Commonwealth of Kentucky, Jefferson Circuit Court, Action No. 99–CI–04917.

4. CR 54.02.

5. CR 55.01.

6. CR 56.03.

7. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky.1991).

8. *Yeoman v. Commonwealth, Health Policy Board*, 983 S.W.2d 459, 464–465 (Ky.1998).

9. *Id.* at 465.

10. *Id.*

sic to our legal system and stands for the principle that once the rights of the parties have been finally determined, litigation should end." [11]

The record shows that Jellinick and Capitol were opposing parties in the federal action. Further, in the state action Jellinick opposed Capitol, Brewer and Voss. Thus, attorney Chastain is the only party who was not named in the previous actions. Jellinick argues, however, that the cause of action in the present case has not been litigated before. As stated by the Kentucky Supreme Court, "[t]he key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts." [12]

In the federal action, Capitol sought a declaratory judgment on the ground that Jellinick was not entitled to any insurance benefits because he "or others at his direction and/or with his knowledge and consent, did set fire to the premises intentionally, and with the intent to defraud Capitol Indemnity out of insurance proceeds." The subsequent default judgment for Capitol became final when no appeal was taken, thereby terminating any claim Jellinick might have possessed under the insurance contract.

In the first state action, Jellinick alleged that Capitol had engaged in an illegal civil conspiracy. He claimed that Voss was a "co-conspirator" who "illegally, fraudulently and erroneously claimed Plaintiff breached the terms of Contract For Deed by Insurance Company's failure to pay insurance proceeds[.]" Jellinick also alleged fraud, breach of the insurance policy contract, unfair claims practices and vexatious refusal to pay, and he requested specific performance by Voss under the contract. Summary judgment was granted for Capitol and Brewer. The court entered default judgment on Voss's counterclaim, finding that Jellinick was in total default and had no further rights under the contract for deed.

Jellinick then claimed in the instant proceeding that Capitol, Voss, Brewer, and Chastain conspired together to "intentionally delay collection of balance due" under the insurance contract so that they would have the opportunity to assert that Jellinick had breached the contract for deed. Jellinick sought specific performance on the contract for deed, and he alleged that Capitol, Brewer, and Chastain had tortiously interfered with that contract and the business expectancies thereunder.

Clearly, the current proceeding is based on the same facts and controversies that previously were litigated. Issues surrounding the insurance policy contract were fully adjudicated by a final judgment in the prior federal action. Issues surrounding the contract for deed were fully adjudicated by a final judgment in the prior state action. Because the suits "concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or *could have been brought* in support of the cause of action." [13] Simply put, all of Jellinick's claims should have been resolved in the two previous actions.

■ Although attorney Chastain was not part of the previous actions, the claim against him is barred by issue preclusion, which requires:

(1) identity of issues;

(2) a final decision or judgment on the merits;

**11.** *Slone v. R & S Mining, Inc.,* 74 S.W.3d 259, 261 (Ky.2002).

**12.** *Yeoman,* 983 S.W.2d at 465.

**13.** *Id.* at 465 (emphasis added).

(3) a necessary issue with the estopped party given a full and fair opportunity to litigate;

(4) a prior losing litigant.[14]

Here, the issues raised as to Chastain are identical to those which were raised or could have been raised in previous actions concerning the same controversy. Those actions were fully litigated, and they resulted in final decisions against Jellinick. As the four requirements therefore have been satisfied, Jellinick is barred from litigating them here. It follows that the trial court did not err by entering summary judgment for appellees.

The judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

14. *Moore v. Commonwealth,* 954 S.W.2d 317, 319 (Ky.1997), citing *Sedley v. City of West* *Buechel,* 461 S.W.2d 556, 559 (Ky.1970).