In re Benjamin Kirk HOWELL,
Debtor.

Nancy Fabing, Plaintiff,

v.

Benjamin Kirk Howell, Defendant.

Bankruptcy No. 06–32818.
Adversary No. 06–03175.

United States Bankruptcy Court,
W.D. Kentucky.

Aug. 17, 2007.

2

Allan E. Dunaway, Law Office of Allan E. Dunaway, PLC, Louisville, KY, for Plaintiff.

Allen McKee Dodd, Henry K. Jarrett, III, Louisville, KY, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THOMAS H. FULTON, Bankruptcy Judge.

THIS CORE PROCEEDING[1] comes before the Court on the Motion for Summary Judgment filed by Nancy Fabing, the plaintiff in this adversary proceeding ("Plaintiff"), on grounds that a prepetition Kentucky state court judgment she received in 2003 against Benjamin Kirk Howell, the defendant in this proceeding and debtor in the underlying bankruptcy case ("Debtor"). The Plaintiff argues that the state court judgment resolved all of the legal issues raised by this adversary proceeding and that, accordingly, this Court is collaterally estopped from relitigating the issues and that the Plaintiff is entitled to judgment as a matter of law. The Plaintiff initiated this adversary proceeding seeking to have a particular debt owed to her by the Debtor ruled nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (4), and (6).

 The doctrine of collateral estoppel originates with the Full Faith and Credit statute, 28 U.S.C. § 1738, which requires a federal court to give full faith and credit to judgments from a state court to the same extent another court in that state would. *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir.1997); *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir.1995). The federal court should look to the issue preclusion law of the state in which the original judgment was rendered for the proper standard to apply. *In re Calvert*, 105 F.3d at 317; *In re Bursack*, 65 F.3d at 53. The doctrine of collateral estoppel applies in dischargeability proceedings under 11 U.S.C. § 523(a). *Gro-*

*gan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Under Kentucky Law, collateral estoppel bars relitigation of an issue if (1) the issue was already litigated in a former action; (2) between the same parties; (3) a final judgment was rendered; and (4) the losing litigant in the former action is a party to the current one. *Moore v. Commonwealth*, 954 S.W.2d 317, 319 (Ky.1997); *see also City of Louisville v. Louisville Prof'l Firefighters Ass'n*, 813 S.W.2d 804, 806–07 (Ky.1991).

### I. 11 U.S.C. § 523(a)(6)

 11 U.S.C. § 523(a)(6) provides that a debt arising from a "willful and malicious injury by the debtor to another" is nondischargeable. The Plaintiff's state court judgment against the Debtor was in part for violation of KRS 275.170, which provides that members or managers in a limited liability company ("LLC") are generally not liable for damages resulting from actions (or inaction) taken on behalf of the LLC. KRS 275.170(1) creates an exception to a member or manager's limited liability when the conduct in question constitutes "wanton or reckless conduct." The Plaintiff's state court judgment against the Debtor awards the Plaintiff substantial damages under KRS 275.170 for conduct that was adjudged "wanton or reckless," and this same conduct is central to the Plaintiff's claim under 11 U.S.C. § 523(a)(6).

 Although there appears to be substantial evidence in the record to support the Plaintiff's claim that the Debtor might have acted willfully and maliciously under 11 U.S.C. § 523(a)(6), the state court judgment only resolved whether the Debtor's conduct was, at least, "wanton and reckless" and did not address whether the

---

**1.** 28 U.S.C. § 157(b)(2)(I).

Debtor's conduct rose to the level of willful or malicious with respect to the injury caused as conceived under 11 U.S.C. § 523(a)(6).

The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself."

*Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). Accordingly, there is no issue preclusion for the Plaintiff's nondischargeability claim under 11 U.S.C. § 523(a)(6).

## II. 11 U.S.C. § 523(a)(2)(A)

Under 11 U.S.C. § 523(a)(2)(A), a debt is nondischargeable if it was for money or property that a debtor obtained through "false pretenses, a false representation, or actual fraud." A claim under 11 U.S.C. § 523(a)(2)(A) requires a showing that, *inter alia,* the Debtor "obtained money through a material misrepresentation that, at the time, [he] knew was false or made with gross recklessness as to its truth." *Rembert v. AT & T Universal Card Svcs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir.1998). The state court judgment held by the Plaintiff in this case does not address whether the Debtor obtained money through a material misrepre-

sentation that he knew was false when it was made. Accordingly, there is no issue preclusion for the Plaintiff's nondischargeability claim under 11 U.S.C. § 523(a)(2)(A).

## III. 11 U.S.C. § 523(a)(4)

Under 11 U.S.C. § 523(a)(4), a debt is nondischargeable if incurred "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." "Defalcation" as used under § 523(a)(4) "refers to a failure to produce funds entrusted to a fiduciary and applies to conduct which doesn't necessarily reach the level of 'fraud,' or 'embezzlement,' or 'misappropriation.' " *Riden v. Sigler (In re Sigler)*, 196 B.R. 762, 764 (Bankr.W.D.Ky.1996) (*citing* 3 Colliers on Bankruptcy, para. 523.14[1][B], at 523–111 (15th ed.1995)).

The defalcation provision of 11 U.S.C. § 523(a)(4) applies only to express or technical trusts. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 638–39 (6th Cir.2007). "To establish the existence of an express or technical trust, a creditor must demonstrate: (1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary." *In re Bucci*, 493 F.3d at 638–39. The state court judgment held by the Plaintiff never addressed whether an express or technical trust had been created between the Plaintiff and the Debtor.

Likewise, the state court judgment actually ruled against the Plaintiff on her breach of fiduciary duty claim, stating: "The limited liability statutes do not place upon managers a defined level of conduct other than the limitations which might be set forth in the organizing document or a subsequent agreement." *Fabing v. E Concepts, LLC,* No. 01–CI–06835, slip op.

at 13–14 (Jefferson Circuit Court June 9, 2003) (citing KRS 271B.8–300(1)). Accordingly, there is no issue preclusion for the Plaintiff's nondischargeability claim under 11 U.S.C. § 523(a)(4).

## IV. CONCLUSION

Under these facts and circumstances and applicable law, this Court is not collaterally estopped from hearing the Plaintiff's nondischargeability claims under 11 U.S.C. §§ 523(a)(2)(A), (4), and (6) on the merits. Construing all evidence, facts, and inferences in the light most favorable to the non-moving party, *Shah v. Deaconess Hosp.*, 355 F.3d 496, 498 (6th Cir.2004), this Court cannot conclude from the record as a whole that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" under any of these nondischargeability claims. Fed.R.Civ.P. 56; Fed. R. Bankr.P. 7056. Summary judgment should be denied where there remains the slightest doubt as to any material fact. Summary judgment is a drastic remedy, and, considering that the prepetition state judgment does not use language that sufficiently parallels the relevant statutory provisions of 11 U.S.C. § 523(a) of the Bankruptcy Code, the Plaintiff has failed to establish that there are no material facts at issue. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985). Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment is hereby DENIED.