**SWINFORD TRUCKING CO., INC., Appellant,**

v.

**PADUCAH BANK AND TRUST CO., Appellee.**

No. 2008–CA–001748–MR.

Court of Appeals of Kentucky.

May 21, 2010.

that because of Paducah Bank and Trust's negligence, Crowley was able to unlawfully withdraw the funds from its accounts and, as a result, Swinford incurred economic losses. In addition to compensatory damages, Swinford sought punitive damages and reasonable attorney fees.

After discovery had commenced, Paducah Bank and Trust moved for summary judgment alleging that the full payment of restitution by Crowley precluded Swinford's action. The circuit court agreed and granted the motion.

■ Paducah Bank and Trust argues that pursuant to the doctrine of collateral estoppel, the payment of full restitution by a criminal defendant precludes any further recovery by the victim, even against third parties. Collateral estoppel is a doctrine that evolved to promote judicial economy and finality. The essential elements of collateral estoppel are: (1) identity of issues; (2) a final decision or judgment on the merits; (3) a necessary issue with the estopped party given a full and fair opportunity to litigate; and (4) a prior losing litigant. *Moore v. Commonwealth, Cabinet for Human Resources,* 954 S.W.2d 317, 319 (Ky.1997).

■ The elements necessary to apply collateral estoppel cannot be established where, as here, the issues are entirely distinct from those in the prior litigation. The criminal litigation was prosecuted by the Commonwealth on behalf of its citizens, not by Swinford. Although Swinford participated in the restitution hearing, it was not represented by counsel to protect its interests and was not entitled to a jury trial. Finally, Swinford's cause of action is civil in nature and its success is dependent upon Paducah Bank and Trust's negligence in permitting Crowley to unlawfully withdraw the funds from its accounts.

Richard D. Null, Mayfield, KY, for appellant.

Thomas J. Keuler, Paducah, KY, for appellee.

Before CAPERTON, CLAYTON and THOMPSON, Judges.

## OPINION

THOMPSON, Judge.

Swinford Trucking Co., Inc., appeals from an order dismissing its complaint against Paducah Bank and Trust Co., on the basis that Swinford had been fully compensated by the satisfaction of a criminal restitution order. Because we conclude that the circuit court erred as a matter of law, we reverse and remand.

Swinford's office manager, Debbie Crowley, embezzled funds from Swinford's bank accounts at Paducah Bank and Trust and pled guilty to one count of theft by failure to make a required disposition over $300 and seven counts of fraudulent use of a credit card over $100. A restitution hearing was conducted at which Swinford provided evidence regarding the specific amount that was unlawfully withdrawn from its accounts. Following the hearing, a restitution order was entered requiring Crowley to pay restitution in the amount of $343,726.50, plus a five percent restitution fee. Ultimately, Crowley made full restitution.

The present action was filed by Swinford against Paducah Bank and Trust alleging

■ Our decision is consistent with KRS 533.030(3)(d) that provides: "An order of restitution shall not preclude the owner of property or the victim who suffered . . . out-of-pocket loss of earnings or . . . other damages from proceeding in a civil action to recover damages from the defendant. A civil verdict shall be reduced by the amount paid under the criminal restitution order." Likewise, a civil action is not precluded against a third party who permitted the unlawful act to occur.

Paducah Bank and Trust asserts alternative reasons why this Court should affirm the circuit court's summary judgment, specifically, that Swinford cannot establish a loss of business opportunity or recover interest or attorney fees. Although the circuit court's order did not state the specific basis of its decision, the sole issue presented by Paducah Bank and Trust in its motion for summary judgment was collateral estoppel. As a result, we will not address the issues not presented to the circuit court. *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky.1989).

We conclude by emphasizing that we are not dictating a result in this litigation nor does our decision foreclose a subsequent summary judgment motion based on grounds other than collateral estoppel. However, Swinford is not precluded from pursuing a civil action against Paducah Bank and Trust merely because it received restitution from Crowley.

The summary judgment is reversed and the case remanded for further proceedings consistent with this opinion.

ALL CONCUR.