Logan Ray SALLEE, JR., Appellant,

v.

Seretha Dean SALLEE, Appellee.

No. 2002–CA–000606–MR.

Court of Appeals of Kentucky.

Aug. 13, 2004.

Phil Allan Bertram, P.S.C., Bertram & Cox, Campbellsville, KY, for appellant.

Elmer J. George, Lebanon, KY, for appellee.

Before COMBS, Chief Judge; MINTON and VANMETER, Judges.

*OPINION*

VANMETER, Judge.

This is an appeal from a judgment entered by the Green Circuit Court in a dissolution proceeding. For the reasons stated hereafter, we affirm.

The parties married in 1978 and divorced in 2002, by which time two of their four children were emancipated adults. The parties were awarded joint custody of their two minor children, with each party being named residential custodian of one of the children. The trial court found that appellee Seretha Dean Sallee, a Social Security disability recipient, had neither "sufficient income nor financial resources to maintain a standard of living established during the twenty three (23) years of marriage. The Petitioner has shared a. home with another man during the separation from her husband[.]" Appellant Logan Ray Sallee was ordered to pay appellee maintenance in the amount of $300 per month for ten years, with such maintenance to terminate if appellee "remarries or cohabitates with another man." This appeal followed.

CR 76.03(4)(h) provides that within twenty days of filing a notice of appeal, an appellant must file a prehearing statement setting out a "brief statement of the facts and issues proposed to be raised on appeal, including jurisdictional challenges[.]" CR 76.03(8) specifically provides that a "party shall be limited on appeal to issues in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be submitted upon timely motion."

■ Here, appellant's prehearing statement set out the following four issues for appeal:

1. Should the trial judge have recused himself due to his relationship with Appellee's attorney (1st cousin) and/or the judge's relationship with the Friend of the Court (brother)?

2. Was it in the best interest of the children to award one to the father and one to the mother given the mother's mental condition, her alcohol use, her immorality (cohabitating with another man), etc.?

3. Should the court be required to order all child support paid through the centralized collection unit?

4. Does the Friend of the Court have a basis for functioning in Green County when there has been no authorization by the fiscal court as required by statute and the existence of a Friend of the Court in Green County being contrary to the contract for child support services between the Cabinet for Families and Children and the Green County Attorney (Appellant's attorney)?

However, the sole issue addressed in appellant's two-page appellate brief is "whether or not the Trial Court abused its discretion in awarding the Appellee maintenance." Since that issue was not raised either in the prehearing statement or by timely motion seeking permission to submit the issue for "good cause shown," CR 76.03(8), this matter is not properly before this court for review.

■ Moreover, in any event, a cursory review of appellant's direct and reply briefs on appeal shows that even if the

issue had been raised properly on appeal, appellant could not prevail. There is no dispute on appeal that appellee satisfied the KRS 403.200(1) threshold criteria for receiving maintenance. Once such criteria were met, the amount and duration of any award of maintenance fell within the trial court's discretion. *See Browning v. Browning,* Ky.App., 551 S.W.2d 823 (1977). Contrary to appellant's contention, the trial court's finding that appellee had cohabited with another man in the past did not conflict with the judgment's provision that maintenance would cease if appellee subsequently remarried or cohabited. Further, although appellant's reply brief focuses on alleged evidence of cohabitation which was presented to the trial court subsequent to the judgment, such evidence simply is irrelevant to the judgment now on appeal before us.

The court's judgment is affirmed.

ALL CONCUR.