William MULLINS and June Mullins, Appellants

v.

ASHLAND OIL, INC., and Ashland Exploration Holdings, Inc., Appellees.

No. 2008–CA–000860–MR.

Court of Appeals of Kentucky.

Dec. 21, 2012.

---

See also 389 S.W.3d 140, 2012 WL 6632488.

Eugene Sisco, Pikeville, KY, for appellants.

Phillip D. Scott, Anne A. Chesnut, Brian M. Johnson, Lexington, KY, John F. Billings, Nicholasville, KY, Michael J. Schmitt, Paintsville, KY, for appellees.

Before COMBS, KELLER, and LAMBERT, Judges.

## OPINION

LAMBERT, Judge:

This appeal by property owners William and June Mullins ("the Mullinses") arises from one of several toxic tort cases that were filed in Johnson and Lawrence Circuit Courts as a result of Ashland Oil, Inc., and Ashland Exploration Holdings, Inc.'s ("Ashland Oil"), drilling operations in the Martha Oil Field. The Mullinses contend that the circuit court erred in dismissing their claims for failing to file suit within the five-year statute of limitations as set forth in Kentucky Revised Statutes (KRS) 413.120(4). Finding no error in this ruling, we affirm.

The Mullinses were among several plaintiffs who filed suit in 1997 against Ashland Oil in Johnson Circuit Court. In an opinion resulting from an earlier appeal by a representative group of other plaintiffs in this action, the Supreme Court of Kentucky set forth the undisputed factual background:

> The Plaintiffs own real property in Johnson County, Kentucky, in an area known as Martha Oil Field. After Ashland acquired this field in the mid–1920s, it entered into leases with the property owners, including the Plaintiffs or their predecessors in title, and, pursuant to these leases, began engaging in oil production. In the late 1950s and early 1960s, Ashland Oil began injecting pressurized water into the oil-bearing stratum layer of Martha Oil Field in order to increase oil production. This method of oil production (also called water-flooding), however, causes other materials located below ground to be carried to the surface, one being naturally occurring radioactive material (NORM). When NORM is concentrated on the earth's surface due to human activities, it is called technologically enhanced naturally occurring radioactive material (TE-NORM). Because all forms of NORM are colorless, odorless, and tasteless, it cannot be detected by humans.

*Cantrell v. Ashland Oil, Inc.*, 2006–SC–000763–DG, 2010 WL 1006391 at *1 (Ky. Mar. 18, 2010). The Court then described the filing of the lawsuit against Ashland Oil and the procedural background leading to the earlier appeal:

> In 1997, the Plaintiffs filed suit against Ashland, claiming that Ashland's water-flooding method of oil production created NORM contamination on the surface of their property, non-NORM contamination on the surface of their property, and contamination in their groundwater.

In their complaint, they alleged that this contamination permanently diminished the value of their property. The Plaintiffs did not claim that any person, animal, or vegetation had been harmed by the contamination, but rather, only claimed that Ashland's conduct and the resulting contamination constituted a negligent trespass and a continuing nuisance on their property. Prior to trial, Ashland moved to dismiss the groundwater contamination and non-NORM surface contamination claims. The trial court granted this motion, agreeing that these claims were barred by the statute of limitations. In July 2003, a jury trial was held to determine the remaining claims regarding NORM contamination on the ground surface of the Plaintiffs' properties.

> After considering all the proof, the jury concluded that Ashland had been negligent in its method of oil production and that its conduct caused the ground surface of the Plaintiffs' property to be contaminated with above-background levels of NORM. Nonetheless, the jury found that based on the evidence presented, there was no reason for the Plaintiffs to fear the above-background levels of NORM on their property. Because the jury determined that the Plaintiffs' suffered no injury from the NORM contamination and were not entitled to damages, the trial court entered a judgment for Ashland.

*Id.* at *2. The Supreme Court affirmed this Court's opinion upholding the jury's verdict as well as the ruling that the ground water and non-radioactive contamination claims were properly dismissed as untimely.

Back at the trial court level, the court recognized that the only remaining claims were for alleged property damage from naturally occurring radioactive material

(NORM) in soil and pipes. Specifically related to the Mullinses, the court dismissed their claims by order entered March 10, 2008, stating in paragraph 2:

> The claims of William Mullins and June Mullins are DISMISSED. Documents submitted to Congressman Carl C. Perkins by the Mullins in 1991 indicate knowledge of radiation levels on their property. The Plaintiffs thereafter failed to file their action within the five-year statute of limitations of KRS 413.120(4).

The Mullinses filed a motion to alter, amend, or vacate this ruling, which was argued before the circuit court on April 18, 2008. The Mullinses argued that a genuine issue of material fact existed regarding Ashland Oil's representation to them concerning whether the contamination had been cleared after the 1991 letter was sent. The court denied the motion, and this appeal follows.[1]

■ Before we may reach the merits of the appeal, we must address Ashland Oil's argument that the Mullinses' brief should be stricken for flagrantly violating Kentucky Rules of Civil Procedure (CR) 76.12.[2] These deficiencies include the listing of an out-of-state attorney on the cover of the brief who has not been admitted *pro hac vice* in this appeal; a lengthy introduction without any citations to the record; a Statement of Points and Authorities without any references to the authorities cited or any page numbers listed (we note that the brief does not include page numbers at all); a Statement of the Case without any references to the certified record (the three citations listed are either to one of the two orders attached to the brief or to page 839 of the certified record, but not specifying which record);[3] a lack of references to the record regarding preservation of the issues for appeal pursuant to CR 76.12(4)(c)(v); and a lack of ample references to the record in the Argument section. As a remedy, Ashland Oil requests that we strike the Mullinses' brief, in effect dismissing the appeal, or review this case only for manifest injustice.

In their reply brief, the Mullinses address the deficiencies in their brief regarding the out-of-state attorney,[4] but otherwise they do nothing to correct the brief other than to provide a count of the references to the record and other citations, and to request that the cause be heard on the merits.

The Kentucky Civil Rules of Procedure are a vital part of appellate procedure, as has been recognized for decades by the courts of this Commonwealth. Very recently, this Court expressed the importance in following these rules in appellate briefing:

> It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules "do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expe-

---

1. The panel is also considering the companion appeals in *Ray v. Ashland Oil, Inc.*, 2008–CA–000840–MR, 389 S.W.3d 140 (Ky.App. 2012); *Hall v. Ashland Oil, Inc.*, 2008–CA–000861–MR; and *Hamilton v. Ashland Oil, Inc.*, 2008–CA–001011–MR and 2008–CA–001086–MR.

2. By separate order, this Court has stricken a second appellant brief filed inadvertently on December 7, 2011. Any reference to the Mul-

linses' brief shall be to the original brief filed on November 15, 2010.

3. The record on appeal contains nineteen boxes of record, including fifty-five volumes of record spanning several circuit court case numbers.

4. However, attorney Kevin Thompson has never sought to be added as counsel *pro hac vice* for purposes of the present appeal.

ditious voyage to the right destination. Their importance simply cannot be disdained or denigrated." *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff,* 248 S.W.3d 533, 536 (Ky.2007)(quoting *Brown v. Commonwealth,* 551 S.W.2d 557, 559 (Ky.1977)). Enforcement of procedural rules is a judicial responsibility of the highest order because without such rules "[s]ubstantive rights, even of constitutional magnitude, . . . would smother in chaos and could not survive." *Id.*

*Hallis v. Hallis,* 328 S.W.3d 694, 696 (Ky. App.2010). The Court went on to provide detailed reasons for the procedural rules and concluding that "the rules are not only a matter of judicial convenience. They help assure the reviewing court that the arguments are intellectually and ethically honest." *Id.* at 697.

Decades earlier, this Court addressed the appellate briefing rules in *Elwell v. Stone,* 799 S.W.2d 46, 47–48 (Ky.App.1990), focusing specifically on the then new requirement that an appellant must include a statement regarding preservation at the beginning of each argument:

> What is most disturbing about this appeal is appellants' complete disregard of CR 76.12(4)(c)(iv) [5] to the effect that a brief must contain:
>
>> An "ARGUMENT" conforming to the Statement of Points and authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law *and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.* (emphasis added).

The purpose of the rule is set out in 7 Bertelsman and Phillips, *Kentucky Practice,* CR 76.12(4)(c)(iv), Comment 4 (4th ed.1989PP), wherein the authors point out:

> The new amendment makes it mandatory that an attorney cite to the record where the claimed assignment of error was properly objected to or brought to the attention of the trial judge. This amendment is designed to save the appellate court the time of canvassing the record in order to determine if the claimed error was properly preserved for appeal.

About a year and a half after the effective date (January 1, 1985) of the rule, Chief Justice Stephens, writing for the majority in *Skaggs v. Assad, By and Through Assad,* Ky., 712 S.W.2d 947, 950 (1986), in reversing this Court in part, emphasized the necessity of compliance when he wrote:

> It goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court. *Combs v. Knott County Fiscal Court,* [283] Ky. [456], 141 S.W.2d 859 (1940); CR 76.12(4)(c)(iv) (1–1–85). This clearly has not been done in the case at bar and the Court of Appeals erred in concluding that it had been.

This tribunal assumed the Supreme Court meant what it said for we wrote through Judge Dunn in *Massie v. Persson,* Ky.App., 729 S.W.2d 448, 452 (1987):

> CR 76.12(4)(c)(iv) in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner empha-

---

**5.** In the current version of the Rules, this requirement is found in CR 76.12(4)(c)(v).

sizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).

The Supreme Court of Kentucky has also weighed in on the necessity of including a statement regarding preservation of issues and the consequences of failing to do so:

> Rule of Civil Procedure (CR) 76.12(4)(c)(iv) mandates that a party indicate how an issue is properly preserved for review by an appellate court. LWC's briefs do not cite to where in the record this issue is preserved and we will not search the vast record on appeal to make that determination.

*Phelps v. Louisville Water Co.,* 103 S.W.3d 46, 53 (Ky.2003).

Citing *Elwell,* this Court recently discussed the remedies available for violations of CR 76.12(4)(c)(v):

> In *Elwell v. Stone,* 799 S.W.2d 46, 48 (Ky.App.1990), we established the principle that, where an appellant fails to comply with CR 76.12(4)(c)(iv), a reviewing court need only undertake an overall review of the record for manifest injustice. We believe that principle applies as well to the failure to comply with CR 76.12(4)(c)(v). Another appropriate remedy is to strike J.M.'s brief for noncompliance with the Rule. CR 76.12(8)(a) ("A brief may be stricken for failure to comply with any substantial requirement of this Rule[.]"). We have chosen the less severe alternative of reviewing the case for manifest injustice due to the serious nature of the issues.

*J.M. v. Com., Cabinet For Health and Family Services,* 325 S.W.3d 901, 902 n. 2 (Ky.App.2010).

Compounding the problems referenced above, Ashland Oil points out that none of the forty-three issues listed in the Mullinses' prehearing statement appears to directly correlate with the issues presented in the appeal. It has long been the rule in this Commonwealth that an appellant is limited to arguing the issues listed in his prehearing statement:

> CR 76.03(4)(h) provides that within twenty days of filing a notice of appeal, an appellant must file a prehearing statement setting out a "brief statement of the facts and issues proposed to be raised on appeal, including jurisdictional challenges[.]" CR 76.03(8) specifically provides that a "party shall be limited on appeal to issues in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be submitted upon timely motion."

*Sallee v. Sallee,* 142 S.W.3d 697, 698 (Ky.App.2004). In *Sallee,* this Court held that because the issue raised in the brief had not been listed in the prehearing statement or in a motion requesting permission to argue the issue, the issue was not subject to our review. *Id.*

Taking all of these factors into consideration, we must agree with Ashland Oil that the Mullinses' brief is substantially deficient both in terms of its content as well as its format. While we are inclined to strike the brief for these substantial deficiencies, as we are permitted to do pursuant to CR 76.12(8)(a), we shall instead perform a limited review of this case for manifest injustice. The only issue we shall review is the circuit court's March 10, 2008, order dismissing the Mullinses' claims for violating the applicable statute of limitations, which was made final by the April 21, 2008, order denying their motion to alter, amend, or vacate that ruling. We note that these are

the only orders that were attached to the Mullinses' brief.[6]

 Kentucky Revised Statutes (KRS) 413.120(4) provides that an action for trespass on either real or personal property must be filed within five years after the cause of action has accrued. In this case, it is undisputed that the Mullinses knew their property was contaminated prior to August 9, 1991, as established by the letter Mr. Mullins admitted he wrote and sent to Congressman Perkins. The Mullinses did not file their complaint until 1997, clearly outside of the five-year limitations period. We reject the Mullinses' argument that their suit was not based upon the trespass, but rather based upon Ashland Oil's representations that their property had been cleared of all contamination. While their attorney mentioned this theory at the hearing on the motion to alter, amend, or vacate, in order to establish that a genuine issue of material fact existed, they never officially alleged this claim before the circuit court. Accordingly, we are unable to identify any manifest injustice to support a reversal of the circuit court's order dismissing the Mullinses' claims.

For the foregoing reasons, the orders of the Johnson Circuit Court dismissing the Mullinses' claims are affirmed.

ALL CONCUR.

**C.J.M., Appellant,**

v.

---

6. The only other document attached to the brief is an affidavit dated March 6, 2008, from Mr. Mullins. The Mullinses cite to this affidavit in support of their first argument, but we note that what the brief purports the affidavit states is not what the affidavit in fact states.