RENDERED: AUGUST 27, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

**OPINION OF JULY 2, 2021, WITHDRAWN**

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1309-MR

JOHN W. MAHAFFEY
AND KIM MAHAFFEY                                 APPELLANTS


                    APPEAL FROM CUMBERLAND CIRCUIT COURT
v.            HONORABLE DAVID L. WILLIAMS, JUDGE
                    ACTION NO. 16-CI-00065


NELDA K. WYATT; NANCY W.
WATSON; AND TOM WATSON                            APPELLEES


AND                         NO. 2019-CA-1355-MR


NELDA K. WYATT; NANCY W.
WATSON; AND TOM WATSON                CROSS-APPELLANTS


           CROSS-APPEAL FROM CUMBERLAND CIRCUIT COURT
v.            HONORABLE DAVID L. WILLIAMS, JUDGE
                    ACTION NO. 16-CI-00065


JOHN W. MAHAFFEY
AND KIM MAHAFFEY                        CROSS-APPELLEES

OPINION
VACATING AND REMANDING APPEAL NO. 2019-CA-1309-MR
AND AFFIRMING CROSS-APPEAL NO. 2019-CA-1355-MR

** ** ** ** **

BEFORE: COMBS, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: John W. Mahaffey and Kim Mahaffey bring Appeal No. 2019-CA-1309-MR and Nelda K. Wyatt, Nancy W. Watson, and Tom Watson bring Cross-Appeal No. 2019-CA-1355-MR from an August 9, 2019, Order of Dismissal of the Cumberland Circuit Court of the Mahaffeys' claims for breaching covenants in a general warranty deed. We vacate and remand Appeal No. 2019-CA-1309-MR and affirm Cross-Appeal No. 2019-CA-1355-MR.

By a general warranty deed dated April 13, 2015, Wyatt and the Watsons conveyed to the Mahaffeys a 2.03-acre tract of undeveloped real property located in Cumberland County. Before the conveyance, Tom Watson disclosed to the Mahaffeys that three or four graves were located upon the 2.03-acre tract.

At the time of the conveyance, the property was in a natural state and was overgrown with trees and brush. The Mahaffeys initially removed many of the trees and cleared the tract for installation of a septic system, water line, and electrical line. The Mahaffeys intended to eventually build a residence but were temporarily staying in a camper located upon the property.

The Mahaffeys eventually sought approval from the Cumberland County Health Department for installation of the septic system. Upon inspection, officials from the health department discovered additional graves upon the 2.03-acre tract. In particular, the health department identified 10 or more additional graves that were marked by archaic fieldstones. Because of the location of these additional graves, the health department required the septic system, including lateral lines, to be located seventy feet from all graves. The Mahaffeys were compelled to find a location for the sewer system that complied with the health department mandate, which they did.[1]

The Sheriff of Cumberland County also contacted the Mahaffeys concerning the graves upon the 2.03-acre tract. According to the Mahaffeys, the sheriff informed them that he had complaints that the Mahaffeys were disturbing graves located on the property and that people wanted him to "lock them up." The Mahaffeys eventually met with three individuals, David Arms, Brookie Stalcup, and Grady Holman, who informed the Mahaffeys that there were additional graves of unknown number located on the property.

The Mahaffeys then had a survey conducted to delineate the boundaries of the burial grounds upon the 2.03-acre tract. The Mahaffeys hired

---

[1] While clearing the property, John Mahaffey maintained that he stayed at least seventy feet away from the three visible graves thereupon.

Joe Leftwich to perform the survey. In his deposition, Leftwich stated that he observed numerous fieldstones and sunken ground consistent with old burials upon the property. Leftwich had received assistance from Arms, who personally showed Leftwich where graves were believed to be located on the property but were no longer visible due to the Mahaffeys' inadvertent excavation. When completed, Leftwich's plat of the burial grounds delineated the boundaries thereof and determined the burial grounds comprised .26 acres of the entire tract.

On August 22, 2016, the Mahaffeys filed a complaint in the Cumberland Circuit Court against Wyatt and the Watsons. Therein, the Mahaffeys claimed:

> 2. There is located on the conveyed real estate numerous graves over an area consisting of at least 0.26 acres which use constitutes a dedication of the area as a graveyard or cemetery and constitutes an easement for burial purposes.
>
> 3. Before the [Mahaffeys] were aware of the extent of the dedication or easement, they commenced to prepare the site for its intended purpose as a home site, and as a result, expended substantial sums in preparation, but then were required to cease preparation and use as a home site, because of the existence of the cemetery or graveyard.
>
> 4. [Wyatt and the Watsons], by conveying the real estate encumbered by a graveyard, have breached the covenants encompassed by the general warranty clause in the deed delivered to the [Mahaffeys], specifically breaching the covenants of seizin and title.

-4-

> 5.  Pursuant to KRS [Kentucky Revised Statutes]
> 381.710, any area used for burial is deemed or dedicated
> as a burial ground, and therefore, the area conveyed by
> the subject deed is less than ninety percent (90%) of the
> area warranted in the deed, breaching the warranty of
> acreage.

August 22, 2016, Verified Complaint at 3. Wyatt and the Watsons eventually filed an answer.

After the parties completed discovery, Wyatt and the Watsons filed a motion for summary judgment. They argued that no material issue of fact existed and that they were entitled to judgment as a matter of law. In particular, Wyatt and the Watsons contended that Mahaffeys "cannot prove with sufficient evidence . . . the boundaries or the number of graves of the purported burial ground." Motion for Summary Judgment at 5. Wyatt and the Watsons further argued that the Mahaffeys' land surveyor, Leftwich, rendered an unreliable and unsupported survey of the burial grounds. And, Wyatt and the Watsons maintained that the existence of graves upon the 2.03-acre tract did not constitute a breach of the general warranty deed. The Mahaffeys responded that the survey and plat completed by Leftwich clearly demonstrated the boundary of the burial grounds and constituted competent evidence. Additionally, the Mahaffeys argued that Wyatt and the Watsons breached various covenants contained in the general warranty deed.

By Order of Dismissal entered August 9, 2019, the circuit court dismissed the Mahaffeys' complaint without prejudice. The court reasoned that the Mahaffeys "have been unable to prove with sufficient evidence the size of the purported burial ground and the existence of any specific number of graves on the property in question." Order of Dismissal at 1. Curiously, the order did not address Wyatt and the Watsons' motion for summary judgment nor did the court conduct a hearing thereon.[2]

The Mahaffeys filed this appeal, and Wyatt and the Watsons filed a cross-appeal from the Order of Dismissal. We shall address each *seriatim*.

---

[2] Nelda K. Wyatt, Nancy W. Watson, and Tom Watson (Wyatt and the Watsons) filed a motion for summary judgment on May 2, 2019. No hearing was set for this motion. The circuit court conducted a hearing on May 23, 2019, that had been noticed for two pending motions *in limine* filed by Wyatt and the Watsons. Counsel for Wyatt and the Watsons opened the hearing on May 23 by stating they had "again moved to dismiss this case," presumably, in reference to the motion for summary judgment and the relief sought therein. No motion to dismiss was pending at the May 23 hearing. The court stated the matter would be taken "under advisement." On June 3, 2019, Wyatt and the Watsons filed another motion for summary judgment on the issue of damages. A hearing was noticed for this motion for June 27, 2019. That motion was discussed in part at the June 27 hearing and no disposition of any pending motion occurred. During the final hearing on July 25, 2019, the judge stated on the record that he had decided to dismiss the case without prejudice rather than enter a summary judgment. Contrary to Wyatt and the Watsons' argument that Kentucky Rules of Civil Procedure (CR) 41.02 was the basis for dismissal, there was no trial conducted in this action and the provisions of CR 41.02 for an involuntary dismissal were not met to support dismissal of this case. In fact, the order makes no reference to CR 41.02 nor did Wyatt and the Watsons file any pleading referencing CR 41.02. Thus, the only basis for dismissal was CR 12.02, whereupon the circuit court considered matters outside of the pleadings in the entry of the dismissal order, thus requiring the dismissal to be treated as a summary judgment as provided for in CR 56. *Keybank Nat'l Ass'n v. Allen*, 499 S.W.3d 693, 696 (Ky. App. 2016). Our review is premised upon treating the dismissal order as one for summary judgment under CR 12.02.

## STANDARD OF REVIEW

The standard of review on appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing Kentucky Rules of Civil Procedure (CR) 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the nonmoving party and "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citation omitted). Thus, if there are no factual issues, a summary judgment looks only to questions of law, and we review a trial court's decision to grant summary judgment *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016); *see also Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011).

### APPEAL NO. 2019-CA-1309-MR

The Mahaffeys argue that the circuit court erroneously rendered summary judgment dismissing their complaint. In particular, the Mahaffeys contend that they presented sufficient evidence concerning the size of the burial ground to withstand summary judgment. In support thereof, the Mahaffeys point to Leftwich's survey of the burial ground that established the boundary lines of the

-7-

burial ground. The Mahaffeys also reference Leftwich's deposition testimony and the deposition testimony of Arms. The Mahaffeys maintain that Arms stated that he and his grandfather frequently visited the burial grounds upon the 2.03-acre tract and that he had continued to visit the burial grounds after his grandfather's death. The Mahaffeys also point to Arms' statements that he was familiar with the extent of the burial grounds located upon the property.

Conversely, Wyatt and the Watsons argue that the Mahaffeys failed to "present substantial, credible evidence that purported graves cover any specific area." Wyatt and the Watsons' Brief at 12. Wyatt and the Watsons argue that the survey performed by Leftwich is not a lawful survey because Leftwich failed to "start from at least two (2) monuments." Wyatt and the Watsons' Brief at 15. Also, Wyatt and the Watsons contend that Leftwich's survey is improper because Leftwich included an area thereupon that was based upon Arms' statements. And, as to Arms' depositional testimony, Wyatt and the Watsons believe that such testimony cannot constitute competent evidence because Arms is not an expert in forensics.

In this case, the record included the deposition testimony of Leftwich, a licensed professional surveyor, and a plat, completed by him, depicting the boundaries of the burial grounds upon the 2.03-acre tract. According to Leftwich's deposition, the survey of the burial grounds was based, in part, upon Leftwich's

observations of fieldstones and sunken ground consistent with the dimensions of a grave and, in part, upon Arms' statements made to Leftwich. When Leftwich was actually performing the survey, Arms was physically present and pointed out to Leftwich a particular area where he believed burial grounds were located but were no longer visible due to excavation activities carried out by the Mahaffeys. On the actual plat, Leftwich indicated this area by specially highlighting same and indicting that this area was based upon "parol evidence" of Arms. As to the lack of two monuments, Leftwich explained that the survey was not based upon a grant of land by deed where monuments would be relevant. Rather, Leftwich explained that no such monuments would exist when initially locating boundaries of old burial grounds.

And, we again note that the circuit court did not conduct a hearing or make any findings and conclusions as to the expert testimony of Leftwich. Notably, the circuit court never concluded that Leftwich did not qualify as an expert witness or that his expert opinions were inadmissible. Kentucky Rules of Evidence (KRE) 104, KRE 702, KRE 703; *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577-79 (Ky. 2000). In the absence thereof and in view of the fact that Leftwich is a licensed surveyor, we believe his deposition testimony and survey were competent and probative evidence. His deposition testimony stands unrefuted in the record of this case. And, while Arms cannot offer any

expert opinions, he may, of course, testify concerning his personal knowledge of the property and burial grounds. KRE 602; KRE 701. In his deposition, it is clear that Arms frequently visited the burial grounds over his lifetime. Thus, he undoubtedly observed the burial grounds over many years and can testify as to the extent of the burial grounds based upon his personal observations.

Considering Leftwich's testimony and survey alone, we believe the Mahaffeys presented sufficient evidence as to the boundary or size of the burial grounds upon the 2.03-acre tract to create a genuine issue of material fact and survive summary judgment. In short, we are compelled to conclude that the circuit court erred by finding that the Mahaffeys failed to prove the size of the burial grounds.

Given that the order on appeal dismisses the case without any findings or legal analysis, we do not reach the merits of the underlying claims, including any alleged breach of covenants in the general warranty deed. This Opinion narrowly addresses whether the Mahaffeys presented sufficient evidence as to the size of the burial grounds to survive summary judgment, as the inadequacy of such evidence appears to be the basis for the circuit court's order of dismissal. Thus, we remand for a trial on the merits and any other necessary proceedings to resolve the Mahaffeys' claims for relief.

CROSS-APPEAL NO. 2019-CA-1355-MR

We have reviewed Wyatt and the Watsons' cross-appellants' brief; however, we were unable to discern any issue of error raised in the cross-appeal. In Wyatt and the Watsons' prehearing statement, they raised several issues of error; however, none of these was included or addressed in their brief. *See Sallee v. Sallee*, 142 S.W.3d 697, 698 (Ky. App. 2004). Hence, we summarily affirm the cross-appeal.

In sum, we are of the opinion that material issues of fact exist that precluded summary judgment and that the circuit court erred by dismissing the Mahaffeys' complaint.

For the foregoing reasons, we vacate and remand Appeal No. 2019-CA-1309-MR for proceedings consistent with this Opinion and affirm Cross-Appeal No. 2019-CA-1355-MR.

ALL CONCUR.

BRIEFS FOR APPELLANTS/CROSS-APPELLEES:

Bobby H. Richardson
Glasgow, Kentucky

BRIEF FOR APPELLEES/CROSS-APPELLANTS:

Harlan E. Judd, III
Bowling Green, Kentucky