RENDERED: JULY 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0446-MR

PETER J. READNOUR                                  APPELLANT


v.             APPEAL FROM KENTON CIRCUIT COURT
HONORABLE CHRISTOPHER J. MEHLING, JUDGE
ACTION NO. 14-CI-01978


JENNIFER READNOUR                               APPELLEE


OPINION & ORDER
DISMISSING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND LAMBERT, JUDGES.

CALDWELL, JUDGE: This appeal involves the entry of an order assessing a judgment against the father in favor of the mother for delinquent child support in the amount of $34,500. We dismiss the appeal, having stricken the brief as not complying with the Kentucky Rules of Appellate Procedure ("RAP").

The parties were divorced in 2015 with the entry of a decree of dissolution in the Kenton Circuit Court. The settlement agreement between the parties was incorporated into and made a part of the decree. Per the terms of the

negotiated settlement agreement, Peter Readnour ("Peter"), was to pay child support to his former wife, Jennifer Readnour ("Jennifer"), in the amount of $1,700 per month.

In 2022, a hearing was held concerning arrears Peter owed Jennifer as Jennifer was alleging Peter had not consistently paid support in the intervening years, particularly since 2019. Following the hearing, the Kenton Circuit Court entered an order upholding an arrearage amount of $34,500 as testified to by Jennifer. Peter was ordered to have $1,700 per month withheld from his wages for ongoing child support, plus $100 monthly towards the arrears. No motion for modification was before the court or had ever been previously filed.

Peter filed a notice of appeal in this Court. After the Appellant's brief was filed, a motion to strike the brief and to dismiss the appeal was filed by an Assistant Kenton County Attorney. The motion alleged that the brief filed on Peter's behalf failed to comport with the Rules of Appellate Procedure. A motion panel of this Court passed the motion to the panel assigned to determine the matter on the merits. Having reviewed the motion to strike and dismiss, we grant the motion and this appeal is hereby dismissed.

The motion alleged that the brief does not conform to RAP 32(A)(3)[1] in that the statement of the case does not provide an adequate summary of the procedural events of the matter before the Court and does not provide ample citations to the record for any factual allegations contained in the statement of the case. It is also alleged that the brief fails to cite where in the record preservation of the issues raised in the brief could be found, pursuant to RAP 32(A)(4).[2]

We agree that the statement of the case contained in the brief is not sufficient in that it does not provide a procedural and factual timeline of the facts of the case, nor does it provide sufficient citations to the record for any fleeting factual or procedural inclusions. Instead of providing this Court with an overview of the facts of the case and the procedural history of the matter, Peter's brief engages in argument and slings baseless allegations of malfeasance and sexism against an Assistant County Attorney charged with representing the office in matters concerning child support enforcement. The only citations provided correspond to statements of the trial judge, and none of the citations corresponds to any of the evidence adduced at the hearing. Peter, appearing *pro se*, failed to

---

[1] The motion cited the former rule, Kentucky Rule of Civil Procedure ("CR") 76.12(4)(c). The new Rules of Appellate Procedure went into effect on January 1, 2023, after the motion was filed, but before the issuance of this Opinion. The new Rules of Appellate Procedure will be cited herein.

[2] The former CR 76.12(4)(c)(v).

present any evidence whatsoever at the hearing and all evidence presented was, therefore, against his interests.

We agree that the brief also fails to provide preservation citations to assist this Court in determining where Peter lodged objections below to the entry of evidence that he now complains about in his brief. Peter argues in the brief that the spreadsheets his former wife created and referred to during her testimony were not proper evidence and complains that they were not authenticated or entered in evidence but provides no citations to these objections made to the trial court. Quite simply, upon reviewing the hearing, Peter did not make such objections at the hearing, and should have admitted to such in the brief and asked for palpable error review in the face of failure to object. Frankly, the dishonesty in alleging preservation is troubling.

Peter also raises arguments not contained within the mandatory prehearing statement. The only issue contained in the prehearing statement, required now by RAP 22, was "PETITIONER WAS PRESENT FOR HEARING APPEARING PRO SE AND DOES NOT BELIEVE HE RECEIVED CREDIT FOR ALL CHILD SUPPORT PAYMENTS MADE TO OR ON BEHALF OF HIS MINOR CHILDREN TO THE RESPONDENT (APPELLEE)." RAP 22(C)(1)(h), the former CR 76.03(4)(h). We will not entertain issues not appearing in the required prehearing statement.

CR 76.03(4)(h) provides that within twenty days of filing a notice of appeal, an appellant must file a prehearing statement setting out a "brief statement of the facts and issues proposed to be raised on appeal, including jurisdictional challenges[.]" CR 76.03(8) specifically provides that a "party shall be limited on appeal to issues in the prehearing statement except that when good cause is shown the appellate court may permit additional issues to be submitted upon timely motion."

. . .

Since [this] issue was not raised either in the prehearing statement or by timely motion seeking permission to submit the issue for "good cause shown," CR 76.03(8),[3] this matter is not properly before this court for review.

*Sallee v. Sallee*, 142 S.W.3d 697, 698 (Ky. App. 2004).

Having found that the brief is non-conforming as to the only issue listed in the required prehearing statement, and that the failure to include the other issues appearing in the brief in the prehearing statement precludes our review of those issues, we strike the brief.

[F]ailing to comply with the appellate rules "is ground for such action as the appellate court deems appropriate, which may include: (a) A dismissal of the appeal . . ., (b) Striking of . . . briefs, . . . (c) Imposition of fines on counsel for failing to comply with these rules of not more than $500, and (d) Such further remedies as are specified in any applicable Rule." CR 73.02(2).

---

[3] RAP 22(C)(2): "A party shall be limited on appeal to issues identified in the prehearing statement, except that upon a timely motion demonstrating good cause, the Court of Appeals may permit additional issues to be raised."

-5-

We expect a greater degree of competency from appellate advocates than has been shown in this case. As we have said too often, rules of appellate procedure exist for a reason. They are not mere decorations but "lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated." *Martin v. Wallace*, 651 S.W.3d 753, 756 (Ky. Aug. 18, 2022) (quoting *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (quoting *Louisville & Jefferson Cnty. Metro. Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky. 2007) (quoting *Brown v. Commonwealth*, 551 S.W.2d 557, 559 (Ky. 1977)))).

*Hamburger v. Plemmons*, 654 S.W.3d 99, 102 (Ky. App. 2022).

Although the standards governing appellate briefs are now found in the Kentucky Rules of Appellate Procedure, and not the Rules of Civil Procedure referred to in the motion, the basic underpinnings of the rules have not changed. The basic standards requiring preservation statements and ample citations to the record have not been meaningfully changed. Appellant's brief repeatedly fails to meet those baseline standards. Thus, for the foregoing reasons, we exercise our discretion and order the Appellant's brief to be stricken. Consequently, this appeal is DISMISSED.

ALL CONCUR.

ENTERED: ___07/28/2023___          _____
                                   JUDGE, COURT OF APPEALS

-6-

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Darrell Cox
Covington, Kentucky